UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, (U.S.),<br><br>                    Plaintiff,<br><br>               v.<br><br>STEPHANIE MANTOUVALOS, DIANE MANTOUVALOS, and PAULA MANTOUVALOS,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 05-CV-12342-JLT |

**OPPOSITION OF DIANE MANTOUVALOS
TO SUN LIFE'S AMENDED MOTION FOR ATTORNEYS' FEES**

Can Sun Life, an insurance company, obtain attorneys' fees that it incurred defending a counterclaim and preparing the motion in which it seeks fees in the first place? Defendant Diane Mantouvalos opposes Sun Life's amended motion for attorneys' fees for the same reasons that she opposed Sun Life's initial motion for judgment on the pleadings.

**1. Sun Life does not address the "normal rule" that interpleading insurance companies are not entitled to fees.** Sun Life initially filed a motion seeking its attorneys' fees on January 27, 2006 (Docket Entry No. 30). The defendant opposed this motion on February 10, 2006 (Docket Entry No. 37). In her opposition, Defendant cited numerous cases supporting the proposition that insurance companies are generally <u>not</u> entitled to recoup their attorneys' fees in interpleader actions. *See* Defendant's Opposition at 6-8. Sun Life had not addressed this authority in its initial request for fees, so it filed a reply brief on February 23, 2006 (Docket Entry No. 41). In the reply, Sun Life referred to "a *sprinkling* of cases that find that attorneys [sic] fees should not be awarded to insurers in interpleader actions." Reply at 2 (emphasis supplied). It did not address "the <u>normal</u> <u>rule</u> that insurance companies are not entitled to fees . . . ." *Life Investors Ins. Co. of America v. Childs*, 209 F. Supp. 2d 1255, 1257 (M.D. Ala. 2002) (emphasis supplied). Instead, Sun Life relied upon a case in which the stakeholder's

entitlement to fees does not appear to have been a matter of dispute, *Equitable Life Assurance Soc'y of the United States v. Porter-Englehart*, 867 F.2d 79 (1st Cir. 1989).

      **2.  Sun Life's amended motion improperly seeks fees incurred defending against counterclaims.**  Sun Life brassily seeks reimbursement for fees that it incurred defending itself against the defendant's counterclaims and preparing the fee application.  The First Circuit has held that the Court would be acting well within its discretion in denying those fees.  *See Ferber Co. v. Ondrick*, 310 F.2d 462, 467 (1st Cir. 1962) (denying fee award where "the great bulk of [the stakeholder's] efforts were in resisting [the] counterclaim, as to which . . . it was in no way disinterested or entitled to a fee"), *cert. denied*, 310 F.2d 462 (1st Cir. 1962); *Equifax, Inc. v. Luster*, 463 F. Supp. 352, 357 (D. Ark., 1978) (stating that fee award "should not include attorney's time devoted to limiting the liability of their own client; time spent, for example, in briefing the issues of interest or the attorney's fee itself"), *aff'd*, 604 F.2d 31, *cert. denied*, 445 U.S. 916 (1980).

      **3.  Sun Life's fee application is unreasonably large.**  As the First Circuit has stated, "By its very nature [the interpleader fee] is of a relatively small amount, simply to compensate for initiating the proceedings."  *Ferber Co.*, 310 F.2d at 467.  Here, however, Sun Life seeks payment of almost <u>one third</u> of the total value of the $160,000.00 fund.  This would "senselessly deplete the fund that is the subject of preservation through interpleader."  *Unum Life Ins. Co. of America v. Kelling*, 170 F. Supp. 2d 792, 795 (M.D. Tenn. 2001).  *See also Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, *427 (9th Cir. 2000) ("[B]ecause the attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it.").  Worse still, Sun Life seeks fees for unnecessary work.  For example, it includes close to ten hours of work for its attorneys' mediation preparations.  *See* Amended Motion, Exhibit A at p. 10.  The defendants neither expected nor wished for Sun Life or its counsel to participate in the mediation at all.  *See* Joint Motion for Modification of

Scheduling Order, dated March 22, 2006 (Docket Entry No. 48). They should not be charged for Sun Life's unilateral decision to do so nonetheless.

The Court has ample discretion to deny Sun Life's motion for attorneys' fees in its entirety. The defendant requests that the Court exercise that discretion.

Respectfully submitted,

DIANE MANTOUVALOS

By her attorneys

   /s/                  Terry Klein
HENSHON PARKER VYADRO, P.C.
Terry Klein, BBO# 652052
84 State Street, Suite 760
Boston, Massachusetts  02109
Telephone: (617) 367-1800
Facsimile: (617) 507-6454
tklein@hpvpc.com

JOINING IN THIS OPPOSITION:

PAULA and STEPHANIE MANTOUVALOS
By their attorneys

   /s/            Gregory Aceto
JOHNSON & ACETO, LLP
Gregory J. Aceto (BBO# 558556)
Michael S. Bonner (BBO# 637933)
67 Batterymarch Street, Suite 400
Boston, MA 02110
Telephone: (617) 728-0888
Facsimile: 617) 338-1923
aceto@johsnsonaceto.com

Date:  June 14, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on or before June 14, 2006.

   /s/                        Terry Klein